# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3600 | **DATE** | 6/4/2004 |
| **CASE TITLE** | Quinn vs. Harris, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, motion [#20] of defendants' Cook County Department of Corrections and Baird is granted in part and denied in part. Defendant Harris' motion [#27] to dismiss is granted. Defendant Williams' motion [#30] to dismiss is granted. Defendant Baird has 21 days from the entry of this order to identify the names of the unknown agents in lieu of an answer. Status hearing is set for 7/15/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 4 | Document Number |
| ✓ | Notices mailed by judge's staff. | | number of notices | |
| | Notified counsel by telephone. | | JUN 0 7 2004 | |
| | Docketing to mail notices. | | date docketed | 38 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUN -4 PM 8:07 | 6/4/2004 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DELORES QUINN,

    Plaintiff,

vs.

VANESSA HARRIS, TEDDY WILLIAMS,
UNKNOWN NAMES AGENTS, ILLINOIS
DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, CITY OF CHICAGO
POLICE DEPARTMENT, COOK COUNTY
DEPARTMENT OF CORRECTIONS and
CALLIE BAIRD, DIRECTOR,

    Defendants.

No. 03 C 3600
Judge Joan H. Lefkow

DOCKETED JUN 0 7 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Delores Quinn, has filed this action against defendants, Vanessa Harris, Teddy Williams, Six "Unknown Name Agents," Illinois Department of Children and Family Services, City of Chicago Police Department, Cook County Department of Corrections, and Callie Baird, Director. Liberally construing her *pro se* Complaint and Amended Complaint, Quinn states that on November 27, 2000 she was interviewed by Harris concerning allegations of child abuse. On December 3, 2000, after conducting an investigation, Harris sent Quinn a letter informing her that she had been "indicated" for child abuse.[1] Thereafter, on December 17, 2000, Quinn was arrested by Williams, a Chicago Police Officer. Williams is alleged to have acted in an "obnoxious and unprofessional" manner during an interview with Quinn. Quinn was taken to the

---

[1] Counsel for Harris explains that an "indication" of child abuse means that an investigation has been undertaken pursuant to receiving a report of child abuse and that there is credible evidence that the report is true. *See* 325 ILCS 5/7.12

Cook County Jail on December 18, 2000. She alleges that she had not eaten for 30 to 40 hours and, because she is a diabetic, this denial of food caused her suffering. She further complains of being called a variety of names while in custody and being subjected to a strip search. Quinn was released from the Cook County Department of Corrections on December 20, 2000.

Harris, Williams, the Cook County Department of Corrections and Baird have all moved for dismissal of Quinn's complaint on grounds that it is barred by the applicable statute of limitations. Quinn's Complaint, liberally construed, seeks redress for constitutional violations under 42 U.S.C. § 1983. To determine the statute of limitations applicable in an action under § 1983, federal courts look to the forum state's statute of limitations for personal injury claims. *Mitchell v. Donchin*, 286 F.3d 447, 450 n.1 (7th Cir. 2002); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Lucien v. Jockish*, 133 F.3d 464, 466 (7th Cir. 1998). In Illinois, this time period is two years. 735 ILCS 5/13-202. Thus, Quinn's claims are time-barred only if the events giving rise to the cause of action occurred more than two years prior to her Complaint.[2] Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993).

Quinn either knew or should have known of the alleged constitutional violations as they occurred in November and December 2000. Thus, she had until December 20, 2002 to file her Complaint against the defendants. The Complaint was not filed in this case, however, until

---

[2]While determining whether an action is barred under a statute of limitations is often inappropriate on a Rule 12(b)(6) motion because of the need to make factual determinations, a plaintiff may plead facts showing that the action is barred by the limitations period. *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 669 (7th Cir. 1998); *Johnson Controls, Inc. v. Exide Corp.*, 129 F. Supp. 2d 1137, 1142 (N.D. Ill. 2001).

2

May 27, 2003. Therefore, as is evident from the face of Quinn's Complaint, absent some sort of tolling her claims are time-barred. *See Smith* v. *City of Chicago Heights*, 951 F.2d 834, 840 (7th Cir.1992) (citing *Suslick* v. *Rothschild Securities Corp.*, 741 F.2d 1000, 1004 (7th Cir.1984) ("'[T]he federal doctrine of equitable tolling is available,' in addition to state tolling rules, when a federal court borrows a state statute of limitations.")).

Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Smith*, 951 F.2d at 839 (quoting *Cada* v. *Baxter Health Care Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)). Under federal law, "mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller* v. *Runyon* 77 F.3d 189, 191-92 (7th Cir. 1996) (emphasis in original).[3] Quinn states that after May 25, 2001 she was in "shock" and in June, 2001 diagnosed with "Post partum Mental and Dramatic Stress Syndrome" due to the permanent removal of her foster child from her home. She also asserts that her "paramour" died on May 6, 2002. As it stands, the court is unable to say on this motion whether Quinn's facts, liberally construed, would constitute grounds for equitable tolling. Accordingly, defendants' motions to dismiss on this ground are denied.

---

[3]Illinois law is arguably more restrictive, allowing for the tolling of a statute of limitations when a person is under a "legal disability." 735 ILCS 5/13-211. A person suffers from a legal disability when "he or she is 'entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his [or her] estate or financial affairs.'" *Basham* v. *Hunt*, 332 Ill. App. 3d 980, 988, 773 N.E. 2d 1213, 1221 (2002) (bracket in original) (quoting *Hochbaum* v. *Casiano*, 292 Ill. App. 3d 589, 595, 686 N.E. 2d 626, 631 (1997)). Because the federal and state law are "stacked," *see Smith*, 951 F.2d at 840 n.6, the court applies the more liberal federal doctrine in deciding the motion.

The remaining arguments differ with respect to each of the defendants and the court shall consider them in turn.

**A.     Harris**

Harris argues she is entitled to qualified immunity. When qualified immunity is raised as a defense, the court uses a two-step analysis: (1) whether the conduct alleged sets out a constitutional violation; and (2) whether the constitutional standards were clearly established at the time of the violation. *Lanigan v. Village of East Hazel Crest, Illinois*, 110 F.3d 467, 472 (7th Cir. 1997). Qualified immunity may be raised in a motion to dismiss but, as with all such motions, the court considers only the facts alleged in the complaint. *Id.* at 471.

Even construing Quinn's claims against Harris liberally, her claim fails at part (1) of the above test. Quinn's Amended Complaint fails to even mention Harris. Moreover, even if the court still considers Quinn's original Complaint, it does not allege any constitutional violation involving Harris. Instead, Quinn alleges that Harris visited Quinn's home and reported that Quinn's foster child, who was living with her, had accused Quinn of beating him when the child soiled himself. (Compl. ¶ 3(c).) Thereafter, Harris sent Quinn a notice that she was indicated for child abuse and immediately revoked her DCFS foster parent license. (Compl. ¶ 4.) None of this makes for a constitutional violation. Because Quinn fails to allege that Harris personally deprived her of a federal right, Harris' motion to dismiss the claims against her is granted.

**B.     Williams**

Quinn's Complaint as it relates to Williams is not entirely clear, but she appears to raise a claim of false arrest. Once again, the document Quinn has styled as her Amended Complaint contains no allegations against Williams. Her original Complaint, which the court considers only

4

because it liberally construes Quinn's claims, alleges that Williams acted in an "obnoxious and unprofessional" manner. A defense to a false arrest action, however, is the presence of probable cause. *E.g., Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001). Quinn's Complaint itself alleges sufficient facts to establish that Williams had probable cause to arrest Quinn. The Complaint states that her foster child's natural mother called the police after she observed injuries on the child and the child indicated that Quinn hit him when he soiled himself. (Compl. pp. 3-4.) The Complaint further admits that the child was taken to the hospital and that Officer Williams showed Quinn photographs of the child's injuries. (*Id.* at 5-6.) Moreover, Quinn admits that Williams gave her an opportunity to explain the child's injuries to him. (*Id.*) Thus, the very facts that Quinn alleges establishes that Williams had probable cause to arrest her. As such, Quinn's claims against Williams are dismissed.

## C.  CCDOC and Baird

The Cook County Department of Corrections ("CCDOC") moves to be dismissed from this action on grounds that it is a non-suable agency. The court agrees. Under Federal Rule of Civil Procedure 17(b), this court looks to state law to determine if a particular defendant may be sued. Illinois law allows a defendant to be sued only when it has a legal existence. *E.g., Jackson v. Village of Rosemont*, 180 Ill. App. 3d 932, 937-38, 536 N.E. 2d 720, 723 (1988). The CCDOC is a department "created within the office of the Sheriff [of Cook County]." 55 ILCS 5/3-15002. Its powers are exercised only "under the direction of the Sheriff" and its executive director serves "at the pleasure of the Sheriff." *Id.* at §§ 3-15003 and 15012. Moreover, the CCDOC's appropriations are established and provided by the Cook County Board. *Id.* at § 3-15015. Thus, this court agrees with cases which have held that the CCDOC does not enjoy a

5

separate legal existence apart from the County of Cook and the Sheriff of Cook County and is, therefore, not a suable entity. *E.g., Larsen* v. *Leak*, No. 90 C 7289, 1992 WL 5294, at *1 (N.D. Ill. Jan. 9, 1992); *Mayes* v. *Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979).

As for Baird, she states that if she is being sued in her individual capacity, she had no personal involvement in the actions against Quinn and should be dismissed. She further explains that if she is sued in her official capacity, which would be a suit against the government entity she works for, *see Kentucky* v. *Graham*, 473 U.S. 159, 167 (1985), Quinn has failed to allege any injuries suffered as a result of an official custom, policy or practice necessary to impose liability on a governmental entity. *E.g., Monell* v. *Department of Social Services of the City of New York*, 463 U.S. 658 (1978). Both arguments are true, but the court infers that Baird was named as a defendant to identify the names of the six unknown officers of the CCDOC, which Quinn describes in her Amended Complaint. *See, e.g., Funchess* v. *Doe*, No. 96 C 4767, 1997 WL 12785, at *5 (N.D. Ill. Jan. 10, 1997) (stating that because plaintiff names an unknown defendant, he "should also name a supervisory defendant who, although not personally liable, will have access to records or will otherwise be able to provide the name of the 'John Doe' defendant."). Because Baird may be able to provide the name of the six unknown defendants, her motion to dismiss is denied.

## CONCLUSION

For the reasons set forth above, the motion to dismiss of CCDOC and Baird [#20] is granted in part and denied in part; Harris' motion to dismiss is granted [#27]; and Williams' motion to dismiss is granted [#30]. Defendant Baird has 21 days from the entry of this order to

identify the names of the unknown agents in lieu of an answer. This case will be called for a status hearing on July 15, 2004 at 9:30 a.m.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: June 4, 2004